# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEVERLY ANDERSON, and WALTER ANDERSON, JR., Personal Representatives of the Estate of Walter Anderson, Sr.;<br><br>Plaintiffs,<br><br>vs.<br><br>THERESA M. NGUYEN, and NET MINISTRIES, INC., a Minnesota Nonprofit Corporation;<br><br>Defendants. | 8:18CV248<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Partial Motion to Dismiss, ECF No. 5, filed by Defendants NET Ministries, Inc. (NET) and Theresa M. Nguyen (collectively "Defendants"). Plaintiffs have not responded to the Motion. For the reasons stated, Plaintiffs' first cause of action will be dismissed because it is barred by Nebraska's two-year statute of limitations applicable to wrongful death claims.

## BACKGROUND

The following facts are taken from the Praecipe and Complaint, ECF No. 1-2, and are assumed true for purposes of this Motion to Dismiss:

Plaintiffs are personal representatives of the Estate of Walter Anderson, Sr., their father. Nguyen is a resident of Louisiana, and NET is a Minnesota nonprofit corporation.

On or about December 14, 2015, at approximately 10:00 p.m., Nguyen was driving a 2011 Ford E350 van (the "Van") owned by NET, northbound on Highway 109,

south of County Road R[1].  Nguyen attempted a U-turn at a driveway to a private residence but was unable to complete the turn in a single movement.  When Nguyen attempted to back the Van into the driveway to complete the turn, the Van blocked traffic in both directions on Highway 109. Walter Anderson, Sr.'s vehicle struck the right side of the Van.

Plaintiffs allege three causes of action: (1) loss of love, society, companionship, (2) negligence, and (3) pain and suffering.  In support of their first cause of action, Plaintiffs allege that "[a]s a result of the negligence of Defendant Theresa M. Nguyen, which is also imputed to the Defendant NET Ministries, Inc., Walter Anderson, Sr.'s daughters . . . and his son . . . suffered the loss of love, society, companionship and support of Walter Anderson, Sr." Compl. ¶ 9, ECF No. 1-2.

Although the signature block of the Complaint indicates that it was signed on December 11, 2017, the date stamp shows that Plaintiffs filed their Complaint on December 19, 2017, in the District Court of Saunders County, Nebraska.  Defendants timely removed the state court action to this Court, invoking the Court's diversity jurisdiction.  ECF No. 1.  Plaintiffs have not challenged removal.

## STANDARD OF REVIEW[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

---

[1] The Court infers that the accident occurred in Saunders County, Nebraska, where the action was originally filed and where a Highway 109 runs in a north-south direction.

[2] For purposes of this Memorandum and Order, it is not necessary for the Court to state the standard of review applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(1); *see also Johnson v. Mott*, 376 F. App'x 641 (8th Cir. 2010) (per curiam).

*Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Plaintiffs' first cause of action is a wrongful death action. Neb. Rev. Stat. § 30-809 authorizes actions for wrongful death in Nebraska. Neb. Rev. Stat. § 30-810 requires that every action described in section § 30-809 be brought by the decedent's "personal representative for the exclusive benefit of the widow or widower and next of kin." A cause of action based on damages stemming from the death itself of a human being "inures solely to the next of kin, and exists only by virtue of the wrongful death statutes." *Corona de Camargo v. Schon*, 776 N.W.2d 1, 9 (Neb. 2009).

Although the first cause of action is not labeled as a wrongful death action or brought expressly under § 30-809, Plaintiffs seek damages resulting from their father's death. Plaintiffs allege that because of their father's death, they suffered loss of love, society, companionship, and support. Nebraska only permits such claims under § 30-809. *See Corona de Camargo*, 776 N.W.2d at 10. Accordingly, the first cause of action is a wrongful death claim and is subject to the requirements of § 30-809.

Section 30-810 provides that wrongful death actions under § 30-809 "shall be commenced within two years after the death of such person." *See also Corona de Camargo*, 776 N.W.2d at 10 (affirming dismissal of wrongful death claims not brought within § 30-810's two-year period of limitations). Under Neb. Rev. Stat. § 25-217, an action is commenced on the date the complaint is filed with the court. Walter Anderson, Sr., died on December 14, 2015. Plaintiffs filed their Complaint on December 19, 2017, more than two years after Walter Anderson, Sr.'s death. Accordingly, Plaintiffs' wrongful

death action is time barred.

## CONCLUSION

Because Plaintiffs' wrongful death claim is barred by the statute of limitations, Plaintiffs' First Cause of Action will be dismissed.

IT IS ORDERED:

1. The Partial Motion to Dismiss, ECF No. 5, filed by Defendants NET Ministries, Inc., and Theresa M. Nguyen, is granted; and
2. Plaintiffs' First Cause of Action is dismissed, with prejudice.

Dated this 24th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge